### RUSSELL v. STEAM BOAT ELK.

1. In proceedings against a steam boat under the act concerning "boats and vessels," (R. C. 1835, p. 102) the fact that the boat was seized, under the provisions of said act, within the jurisdiction of this State, is prima-facia evidence that such boat was "used in navigating the waters of this State."

2. It is sufficient that it appear on the face of the complaint, that the action against such boat was commenced within six months after cause of action accrued, without a positive averment of that fact.

Error to the Circuit Court of St. Louis County.

*Drake for plaintiff.*

Plaintiff contends that the complaint is good, and that the demurrer to the pleas should have been sustained, and a re-

versal of the judgment of the circuit court is therefore sought here. The 4, section of the act of 1835 concerning boats and vessels, 6. Bac. abr. pleas and pleading, (B.) p. 186.

*Bowlin for Defendant.*

Is the complaint good under the Statute? The complaint has been verified by affidavit such as it is, but the essential requisites of the statute, have not been sworn to by the affiant 3d Call Rep. 416. 1st. Wash 74. 2d, H. and M. 48 and 315. sec. 1. R. Code. page 102. sec. 4. 103, sec. 4. 103. sec. 21, 104. sec. 4, 103.

*Opinion of the Court by Tompkins Judge.*

Russel brought his action in the Circuit Court of St. Louis county against the Steam Boat Elk; and the judgment of the court being-given against him he comes into this court to reverse that judgment.

The plaintiff in error proceeded against the Steam Boat Elk under the act of assembly. In his complaint, he states that he has a demand against the Steam Boat amounting to the sum of four hundred and twenty dollars, which arose as follows, on account of Henry Myers late master of said Steam boat; that on the fourth day of November 1837, the complainant went on board of said Steam boat in capacity of clerk, upon wages of forty-five dollars for the first month, and sixty dollars for every month thereafter, and continued on board of said boat, in that capacity, fourteen months, that is till the fourth day of February in the year 1839; that immediately thereafter the said Myers then master aforesaid, in his capacity of master of said boat, settled the complainants account with the said boat, when it was found that said boat was indebted to the complainant in the sum of four hundred and twenty dollars on account of his said services, for which sum the said Myers as master as aforesaid, executed and delivered to the complainant, on the part of said Steam boat and Owners a note, of which the following is a copy; $420. One day after date Steam boat Elk and Owners promise to pay to John Russell, or order four hundred and twenty dollars for services rendered on board of

said board as clerk, Louisville March 3d, 1839. For Steam boat Elk and Owners, (signed,) Henry Myers; which said note, as well as the balance for which it was given remained wholly unpaid.

To this complaint the defendant pleaded several pleas, on which he did not rely, and the plaintiff demurred to them. The circuit court overruled the demurrer, deciding that the complaint was not good. The act provides that every boat or vessel used in navigating the waters of this State shall be liable for all debts contracted by the master, owner, agent or consignee thereof on account of work done, or services performed on board of such boat or vessel, see section 1st of the act to provide for the collection of demands against boats and vessels p. 1G2 of the digest of 1835, and by the 4, section of that act it is further provided, that the complaint shall set forth the plaintiff's demand in all its particulars, and on whose account it accrued; that it shall be verified by the affidavit of the plaintiff or of some creditable person for him, and shall stand in lieu of a declaration. The first objection taken to the complaint is that it does not show that the demand was against a boat used in navigating the waters of this State, but that it negatives that idea by setting up a demand created in Louisville Kentucky. The second objection is that it does not appear that the cause of action accrued within six months before the commencement of the action. That the boat was found here to be served with the process issued by the circuit court of St. Louis county, is sufficient evidence on the part of the plaintiff to prove prima facia that it was used in navigating the waters of this State. But it is urged that the note sued on shows a demand created in Louisville Kentucky. If we admit that the note here sued on was made in Louisville Kentucky, (although there is no evidence of the fact,) that still is no evidence that the demand was created to use the language of the counsel in that State. The note expressly states that the consideration was services rendered on said boat. The complaint also states that the consideration was services rendered on board of said boat as clerk, during fourteen months. It can hardly be presumed that the boat lay

In proceedings against a steam boat under the act concerning "boats and vessels," (R. C. 1835. p. 102) the fact that the boat was seized, under the provisions of said act, with in the jurisdiction of this state, is prima facia evidence that such boat was "used in navigating the waters of this State."

2. It is sufficient that it appear on the face of the complaint, that the action against such boat was commenced within six months after cause of ac-

idle in the port of Louisville, in Kentucky, all that time, the complaint in that particular is in my opinion certain enough.

The writ in this cause was issued on the 28th day of March 1839, and the complaint sets out an account for service commenced on the 4th of November 1837, and continued without interruption till the 4th of February 1839, less than two months before the commencement of the action; and the note made by the master of the boat for the owners, admits the correctness of the demand, within less than one month of the commencement of the action. The objections then to the complaint appear to me to be unfounded, and the judgment of the circuit court ought in my opinion to be reversed: and the other judges of this court being also of opinion that the judgment ought to be reversed; it is accordingly reversed and this court give judgment for the debt and damages.

*SEPT TERM.*
*1840.*

Russell
v.
St. Boat Elk.

tion accrued without a positive averment of that fact.